UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Steven R. Sullivan, et al.,                                    Case No. 3:18-cv-984

         Plaintiffs

       v.                                                   MEMORANDUM OPINION

Bay Point Resort Operations LLC, et al.,

         Defendants

## I.     INTRODUCTION

In January 2017, Defendant Bay Point Rentals LLC ("Rentals") filed a petition for limitation of liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* (the "Act") in this Court relating to an incident which occurred on or around June 22, 2016 (the "Incident"). (*In re Bay Point Rentals LLC*, No. 3:17-cv-1966 (N.D. Ohio 2017) (the "Limitation Action"), Doc. No. 1). After making the necessary findings, I ordered, among other things, a monition to "all persons asserting claims with respect to the 'Incident'" that any claim which was not filed with this Court by June 5, 2017, would be defaulted. (Limitation Action, Doc. No. 7). Plaintiff Steven R. Sullivan was the only person to file a claim. (Limitation Action, Doc. No. 10).

Thereafter, on March 28, 2018, Plaintiffs Steven R., Robin, and Sarah Sullivan filed a complaint in the Erie County, Ohio Court of Common Pleas, asserting State law claims of wrongful death, negligence, spoliation and destruction of evidence, and loss of society. (Doc. No. 1-1). Rentals, as a named Defendant to the complaint, removed the action to this Court. (Doc. No. 1). In response, Plaintiffs move to remand the action to State court. (Doc. No. 15). Both Rentals and Defendant Bay Point Acquisitions ("Acquisitions") filed a memorandum in opposition to remand, (Doc. Nos. 16 & 17), and Plaintiffs filed a reply in support of remand. (Doc. No. 23).

I will consider the merits of remand in due course. But before doing so, I remind Plaintiffs that an order from this Court is expected to be followed. Apparently, this was not clear before since Plaintiffs filed the complaint in State court against Rentals in direct violation of my standing order that "any and all lawsuits, causes of action, and claims against [Rentals] and its property arising out of the 'Incident'…except in this civil action, shall cease and be enjoined." (Limitation Action, Doc. No. 7). While such a lapse in judgment will not affect the outcome of the motion to remand, it does foreclose any attorney fees which Plaintiffs have requested. Had Plaintiffs properly sought to first dissolve the injunction to pursue the State court action, Defendants would have had no objectively reasonable basis to remove the action. As it stands, the appropriateness of removal is still in question.

## II. JURISDICTION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Further, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 449-50 (quotation omitted).

"When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In this case, the complaint claims the State court has jurisdiction under 28 U.S.C. § 1333(1). (Doc. No. 1-1 at 5). But in the notice of removal, Defendants allege the action is removable under the same statute. (Doc. No. 1 at 2).

2

The statute at issue grants the district court original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[1] 28 U.S.C. § 1333(1). The final clause of the statute, commonly referred to as the saving to suitors clause, "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001). Specifically, while federal courts have exclusive admiralty jurisdiction over *in rem* causes of action, state courts have concurrent jurisdiction over *in personam* causes of action. *See id.* at 444-46; *Madruga v. Super. Ct. of State of Cal., Cnty. of San Diego*, 346 U.S. 556, 560-61 (1954).

There is no dispute that I have exclusive jurisdiction over the Limitation Action asserted under the Limitation of Liability Act, which "enjoin[s] the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to

---

[1] I reject Defendants assertion that any admiralty and maritime claim is removable under § 1441(a), as amended in 2011. (Doc. No. 21 at 4-7; Doc. No. 22 at 4-6). In making this argument, Defendants rely upon *Ryan v. Herculues Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) and its progeny. But while *Ryan* emphasizes the substantive change in § 1441(b) and plain language of the statute alone, it ignores the language of § 1333(1) entirely and the fact that § 1333(1) remained consistent through the 2011 Amendment. Reading § 1333(1) and its related caselaw, I conclude that my "original jurisdiction" over admiralty and maritime claims is not limitless, but subject to the saving to suitors clause. As stated by the Supreme Court,
> We have previously refused to hold that admiralty claims, such as a limitation claim, fall within the scope of federal question jurisdiction out of concern that saving to suitors actions in state court would be removed to federal court and undermine the claimant's choice of forum. *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 371-372, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). We explained that to define admiralty jurisdiction as federal question jurisdiction would be a "destructive oversimplification of the highly intricate interplay of the States and the National Government in their regulation of maritime commerce." *Id.,* at 373, 79 S.Ct. 468. … Respondent's arguments to limit and enumerate the saved remedies under the saving to suitors clause must fail in view of the consistent recognition by Congress and this Court that both state and federal courts may be proper forums for adjudicating claims such as petitioner's.

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). To hold as Defendants urge would effectively nullify the saving to suitors clause, an outcome long rejected by Congress and the Court. Applying the logic of *Ryan*, if Congress had wished to break from this well-settled law, it could have done so by removing the saving to suitors clause from § 1333(1). Further, any doubt as to interpretation of the removal statute must be resolved in favor of Plaintiffs. *See Eastman*, 438 F.3d at 449-50.

limitation in the action." Fed. R. Civ. P. Supp. Rule F; *see also* 46 U.S.C. § 30511. But, because the causes of action in the complaint are asserted against the owner of the jet skis and not the jet skis themselves, this is an *in personam* proceeding over which the state court has concurrent jurisdiction.[2]

This conflict between the Limitation of Liability Act and the saving to suitors clause has been addressed by the Supreme Court multiple times. *See, e.g., Lewis*, 531 U.S. 438; *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957); and *Langnes v. Green*, 282 U.S. 531 (1931). Most recently, the Court in *Lewis* held,

> The district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. If the district court concludes that the vessel owner's right to limitation will not be adequately protected-where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims-the court may proceed to adjudicate the merits, deciding the issues of liability and limitation….But where, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.

531 U.S. at 454 (citations omitted). This discretion is fairly limited.[3]

In *Langnes*, the Court concluded the district court had abused its discretion in retaining the cause since "[t]o retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a commonlaw remedy; to remit the cause to the state court would be to preserve the rights of both parties." 282 U.S. at 541. Similarly, the Court in *Lake Tankers* cautioned that "to expand the jurisdictional provisions of the [Limitation of Liability] Act to prevent respondent from now proceeding in her state case would transform the Act from a

---

[2] Rentals asserts the proceedings against it are *in rem* but couches this assertion on only conclusions. (Doc. No. 21 at 3-4). Acquisitions correctly notes that while the initial Limitation Action brought by Rentals is *in rem*, Plaintiffs claims are *in personam*. (Doc. No. 22 at 2, 7).

[3] Prior to *Lewis*, the Sixth Circuit did not recognize any discretion relating to cases involving single claimants, stating, "it is clearly established that where there is a single claimant, the district court must allow that claimant to use the state courts." *In re Muer*, 146 F.3d 410, 418 (6th Cir. 1998) (citing cases).

protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." 354 U.S. at 152.

Heeding the advice of *Langnes* and *Lake Tankers Corp.*, I conclude it would be an abuse of my discretion to retain this case. The facts at issue are similar to those presented in *Langnes*.[4] There, as here, only one claim has been presented and the time fixed by the monition has expired.[5] 282 U.S. at 542. Further, there is only one owner of the vessels in question. Therefore, since there is one claimant and one owner, I conclude that, the State court could competently adjudicate single claimant Steven R. Sullivan's *in personam* claims while preserving Rentals right to limitation of liability.

Accordingly, I remand this action and dissolve the injunction against State court proceedings on claims relating to the Limitation Action.[6] The Limitation Action is stayed and will be held in abeyance until either judgment is rendered in the State case or an issue within my exclusive admiralty jurisdiction arises, at which time the State court proceeding will be enjoined, and the matter will return to federal court. *See In re Muer*, 146 F.3d at 418.

---

[4] While Plaintiffs cite to *Lewis*, which devotes considerable discussion to *Langnes*, they omit discussion of the case of Plaintiff Steven R. Sullivan's status as the single claimant to the Limitation Action. But all parties clearly were on notice of the jurisdictional and single claimant issues by virtue of Plaintiffs citation to *Lewis*.

[5] In the complaint, all three Plaintiffs collectively assert claims against Rentals. But because Steven R. Sullivan is the only Claimant in the Limitation Action and the time proscribed in the monition has expired, any claim by Robin and Sarah Sullivan in the Limitation Action is defaulted. Accordingly, while Robin and Sarah Sullivan may proceed with these claims in State court, they will be able to recover damages from Rentals only if Steven R. Sullivan, as the single claimant to the Limitation Action, is able to prove Rentals is not entitled to limitation of liability under the Act by establishing both negligence and Rentals' privity or knowledge of such negligence. *See In re Muer*, 146 F.3d at 415-16.

[6] In so holding, I reject Acquisitions' outstanding arguments against remand. (Doc. No. 22 at 7-13). First, because Acquisitions cites no legal authority for its proposition that Plaintiff waived the remedy of a jury trial by filing a claim in the federal action without such a demand, I reject the argument summarily. Second, Acquisitions' contention that remand is unnecessary simply because the federal court can provide a jury trial completely disregards the holding in *Lewis*, which held a jury trial is not the exclusive remedy reserved under the saving to suitors clause. *See* 531 U.S. at 454-56. Lastly, Acquisitions' assertion that I may exercise ancillary jurisdiction over Plaintiffs' claims through the Limitation of Liability Act is in direct violation of binding Sixth Circuit precedent. *See In re Muer*, 146 F.3d at 417-19.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is granted, but the request for attorney fees presented therein is denied. (Doc. No. 15). Defendants' motions to consolidate and Plaintiffs' motion to stay discovery are denied, as moot.  (Doc. Nos. 13, 14, & 33).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge